IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **OCIE WILLIAMS and** <br> **DETUYLA WILLIAMS,** <br><br> Plaintiffs, <br><br> v. <br><br> **WALMART,** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )      Case No. 2:24-cv-464-ECM-CWB <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This civil action was initiated on August 1, 2024 with a *pro se* filing purportedly submitted by both Ocie Williams and DeTuyla Williams. (*See* Doc. 1). However, there were no allegations asserted by DeTuyla Williams, no reference was made to DeTuyla Williams beyond inclusion in the caption, and DeTuyla Williams was not a signatory.

Walmart in turn filed a motion to have DeTuyla Williams dismissed as a plaintiff. (*See* Doc. 12). In a responsive filing directed by the court, Ocie Williams subsequently requested "that DeTuyla Williams be dismissed from the case." (*See* Doc. 16). No response was submitted by or on behalf of DeTuyla Williams personally.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 11(a) additionally requires that "[e]very pleading … must be signed … by a party personally if the party is unrepresented." To the extent this civil action was purportedly brought <u>by</u> DeTuyla Williams, it fails both of those requirements. And to the extent this civil action was brought <u>on behalf of</u> DeTuyla Williams, it would be impermissible to permit Ocie Williams to act in such a representative capacity. *See Fuqua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) ("The right to appear *pro se* … is

1

limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.") (citation omitted); *see also Wint by & through Wint v. Fla. Palm Beach Sheriff*, 842 F. App'x 468, 471 (11th Cir. 2021) ("Ordinarily, if a party is represented by a non-attorney, a court may dismiss without prejudice.").

Accordingly, the Magistrate Judge hereby **RECOMMENDS** as follows:

- that the motion to dismiss filed by Walmart (*see* Doc. 12) be **GRANTED** such that DeTuyla Williams is dismissed without prejudice as a named plaintiff; and

- that proceedings be referred back to the Magistrate Judge for consideration of the pending motion for more definite statement as to the claims asserted by Ocie Williams (*see* Doc. 13).

It is **ORDERED** that objections to this Recommendation must be filed **no later than October 18, 2024**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. An objecting party also must identify any claim or defense that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings or recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be taken only from an appealable order entered by the District Judge.

**DONE** this the 4th day of October 2024.

_/s/ Chad W. Bryan_
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**