IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OCIE WILLIAMS, )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, LP, )<br>)<br>　Defendant. ) | CASE NO. 2:24-cv-464-ECM<br>[WO] |

**O R D E R**

This matter is before the Court on Defendant Wal-Mart Stores East, LP's ("Walmart") motion pursuant to Federal Rule of Civil Procedure 60(b) to set aside the Court's March 3, 2025 Order dismissing this case. (Doc. 31). Because the Court presently lacks jurisdiction over Walmart's motion, it cannot, at this stage, grant the relief Walmart seeks. But as explained below, the Court believes that Walmart's motion has merit.

This case was originally filed in August 2024. (Doc. 1). While this case was pending, Plaintiff Ocie Williams ("Plaintiff") was proceeding *pro se*, except that in January 2025, the Court appointed Attorney Travis Chin ("Attorney Chin") to represent the Plaintiff for the limited purpose of preparing an amended complaint. (Doc. 22). On February 21, 2025, Walmart filed a notice informing the Court that the parties had resolved this case and anticipated filing a stipulation of dismissal. (Doc. 25). On February 28, 2025, the parties filed a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(i). (Doc. 26). On March 3, 2025, the Court entered an order confirming that this case was dismissed with prejudice by operation of Rule 41 based on the joint stipulation. (Doc. 27). On March 17, 2025 at

3:48 p.m. CDT, the Plaintiff filed a notice of appeal. (Doc. 29). On March 17, 2025 at 5:34 p.m. CDT—after the Plaintiff's notice of appeal was filed—Walmart filed its Rule 60(b) motion to set aside the Court's dismissal order. (Doc. 31).

In its motion, Walmart contends that the Court's dismissal order should be set aside because Walmart discovered that it did not actually settle this case with this Plaintiff, based on apparent miscommunication, confusion, and mistake. Walmart explains that while this case was pending, Walmart was defending another action in state court which had been brought by an individual named Ocie Williams, who was represented by counsel.[1] Counsel for Walmart contacted the attorney representing the state court Ocie Williams, and based on communications with this attorney, counsel for Walmart understood that the state court Ocie Williams was the same person as the Plaintiff in this case. Walmart has since discovered, however, that this understanding was mistaken, and the Ocie Williams who brought the state court action is not the same Ocie Williams as the Plaintiff in this case. Operating under this mistaken understanding, Walmart engaged in settlement negotiations with the lawyer representing the state court Ocie Williams and reached a settlement with respect to both the state court action and this federal action. The state court Ocie Williams signed releases for both matters. The lawyer representing the state court Ocie Williams authorized Walmart to file a joint stipulation of dismissal in this case, which occurred on February 28, 2025 (doc. 26).

---

[1] For ease of reference, the Court hereafter refers to the person named Ocie Williams who brought the state court action as "the state court Ocie Williams."

2

On March 6, 2025, the Plaintiff in this case contacted Attorney Chin and advised that he had not agreed to settle this case and had not agreed for it to be dismissed. Attorney Chin then contacted the lawyer representing the state court Ocie Williams, which prompted an investigation into the miscommunication. It was then discovered that the Ocie Williams who brought the state court action is a different individual than the Ocie Williams who is the Plaintiff in this case, and this discovery was communicated to counsel for Walmart. Walmart presumes that the lawyer who represented the state court Ocie Williams was confused or misunderstood what was happening with this federal case and the fact that it was brought by a different individual with the same name. Walmart represents that it contacted this Plaintiff and apologized for the misunderstanding. The Plaintiff explained to Walmart that he did not want this case to be dismissed.

In support of its motion, Walmart invokes Rule 60(b), which authorizes the Court to relieve a party from a final judgment, order, or proceeding for several reasons, including mistake, inadvertence, surprise, or misrepresentation. FED. R. CIV. P. 60(b)(1), (b)(3). Walmart argues that Rule 60(b) relief is warranted because a case of mistaken identity led to the filing of the joint stipulation and order of dismissal. The problem, however, is that "following the filing of a notice of appeal[,] district courts do not possess jurisdiction to grant a Rule 60(b) motion." *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). If a district court is presented with a Rule 60(b) motion after a notice of appeal has been filed, it should "consider the motion and assess its merits," and the court "may then deny the motion or indicate its belief that the arguments raised are meritorious." *Id.* "If the district

3

court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." *Id.*

Here, Walmart's Rule 60(b) motion was filed after the Plaintiff filed his notice of appeal. Consequently, this Court lacks jurisdiction to grant Walmart's motion. *See id.* Upon review of Walmart's submission, it appears that there was a mistake which led to the filing of a joint stipulation of dismissal and order dismissing this case. The Court thus believes that Walmart's arguments are meritorious and worthy of relief. But because the Court presently lacks jurisdiction to grant Walmart the relief it seeks, the Court at this stage may only "indicate its belief that the arguments raised are meritorious." *See id.* Thus, the Court will hold Walmart's motion in abeyance pending further proceedings.

Accordingly, for the reasons stated, it is

ORDERED that Walmart's motion (doc. 31) is HELD IN ABEYANCE pending further proceedings.

This case remains CLOSED.

DONE this 26th day of March, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE